## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RILEY GRAHAM, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:05-CR-0269-TWT-JFK-9 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-2208-TWT-JFK |
| | : | |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. 1775), and the government's answer-response, (Doc. 1796).[1]   For reasons discussed below, Movant's motion to vacate is due to be denied.

---

[1]The Court allowed Movant until March 1, 2013, in which to file a reply. (Doc. 1819). As of March 13, 2013, Movant has not replied.

AO 72A
(Rev.8/82)

## I.   **Background**

The grand jury sitting in the Northern District of Georgia charged Movant,

Phillip Hill, and others, in a mortgage fraud scheme.  (Doc. 702).

> From 2000 to 2003 Hill and his associates scooped out of the market
> almost $22 million in illicit gain.  They did it by fraudulently obtaining
> over 300 mortgage-backed loans for buyers who used the loans to
> purchase Atlanta-area houses and condominiums from Hill and his
> associates at more than market value.  Almost all of those loans, totaling
> $110 million, went into default causing lenders and guarantors to be
> stung with over $38 million in losses.  Innocent homeowners in
> neighborhoods that were hit with foreclosures and distorted property
> values caused by the scheme also felt the pain . . . .

United States v. Hill, 643 F.3d 807, 819 (11th Cir. 2011), cert. denied, _ U.S. _, 132

S. Ct. 1988 (2012); see also United States v. Graham, 643 F.3d 885, 887 n.1 (11th Cir.

2011) (stating that Hill, 643 F.3d 807, addresses consolidated appeal for Movant's co-

defendants).  The jury found Movant guilty on all of the offenses charged against him

in the third superseding indictment – conspiracy to commit mail and wire fraud, make

false credit applications, launder money, and engage in monetary transactions in

property derived from specified unlawful activity; wire fraud; mail fraud; engaging in

monetary transactions in property derived from specified unlawful activity; and money

laundering.  Graham, 643 F.3d at 887-88.  The Court sentenced Movant to a total term

2

of 120 months of imprisonment.  (Doc. 1633).  Movant appealed.[2]  (See Doc. 1641).

On June 14, 2011, the Eleventh Circuit Court of Appeals affirmed the judgment against

Movant.  Graham, 643 F.3d at 899.

Movant now seeks collateral relief.  (Doc. No. 1775).  Movant asserts the

following four grounds for relief.  Counsel's assistance was ineffective because he

never researched Movant's assertion that he had the right not to stand trial on the

indictment, which "charged a series of crimes that are not authorized by the statutes

cited[.]"  (Doc. 1775 at 5).  The government charged Movant with a non-existent

conspiracy, and the jury was instructed that if it found Movant guilty of fictional

charges, it could find he committed acts committed by others.  (Id. at 6).  The trial

court gave improper jury instructions that allowed the jury to "mix[ and] match[]" guilt

on substantive versus conspiracy money-laundering charges.  (Id. at 8).  The trial court

---

[2]On appeal, Movant raised the following claims:

(1) his right to counsel and due process rights were violated because the
district court denied his request for a continuance on the first day of trial;
(2) his due process rights were violated because he appeared before the
jury in an orange jail suit instead of in street clothes; and (3) his right to
a fair trial was violated because the district court admitted "expert"
testimony by lay witness William Key, a former closing attorney who had
pleaded guilty to participating in fraudulent mortgage transactions.

Graham, 643 F.3d at 888.

3

constructively amended the indictment so that Movant was not convicted of the same crimes for which he was indicted.  (Id. at 9).  The government responds that Movant's claim of ineffective assistance of counsel is contradicted by the indictment and that his remaining claims are procedurally barred from review.  (Doc. 1796 at 5, 7-8).

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255. Collateral relief, however, is limited, and "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]"  United States v. Frady, 456 U.S. 152, 164 (1982).  A "final judgment commands respect[, and] . . . a collateral challenge may not do service for an appeal." Id. at 165.  Thus, a defendant "must assert all available claims on direct appeal," Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004), and claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence, McKay v. United

4

States, 657 F.3d 1190, 1196 (11th Cir. 2011), cert. denied, _ U.S. _, 133 S. Ct. 112 (2012).[3] Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

---

[3]"[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . " or that the matter was not raised because of ineffective assistance of counsel. Lynn, 365 F.3d at 1235; see also Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (internal quotation marks omitted)).  If a petitioner shows cause, he also must show prejudice – that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (emphasis in original) (quoting Frady, 456 U.S. at 170) (internal quotation marks omitted).  To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

On collateral review, the defendant is no longer presumed innocent, the conviction is presumed valid, and it is the petitioner's burden to establish his right to relief. See Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68-69 (2009) (citing Herrera v. Collins, 506 U.S. 390, 399 (1993)); Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007) (stating that § 2255 movants have the "burden of establishing their right to relief from the judgment against them").

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

## III.   Discussion

### A.   Ground One

Movant's ground one – that counsel was ineffective because he never researched Movant's assertion that he had the right not to stand trial on the indictment, which "charged a series of crimes that are not authorized by the statutes cited" – fails under the Strickland standard. A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must

6

establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted). The petitioner has the burden of establishing his claim by a preponderance of competent evidence. Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc).

Movant's ground one fails because he has not established prejudice by a preponderance of competent evidence. Movant presents to this Court nothing concrete to support his bald assertion that the charges against him were not authorized by the

7

statutes cited, and it is not the government's burden or the Court's responsibility to review the indictment and expound on whether and how the charges are authorized by the statutes cited.  The Court cannot conclude that there is any reasonable probability that additional research by counsel would have turned up anything other than what Movant has presented to the Court – a bald assertion that the charges against him were not authorized by the statutes cited.  Had counsel presented at trial or to the Eleventh Circuit Court of Appeals the unsupported assertion that Movant now presents, there is no reasonable probability that Movant would have been excused from standing trial.

### B.   Grounds Two through Four

Movant's grounds two through four – pertaining to a non-existent conspiracy, jury instructions, and constructive amendment of the indictment – are procedurally defaulted because Movant could have raised them on direct appeal and did not.  See McKay, 657 F.3d at 1196; Lynn, 365 F.3d at 1232-33.  Movant provides nothing to overcome his default, and his grounds two through four are not further reviewed.

## IV.   Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue

AO 72A
(Rev.8/82)

or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section

2253(c)(2) states that a certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right."  To satisfy that

standard, a movant must demonstrate that "reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner

or that the issues presented were adequate to deserve encouragement to proceed

further."  Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim," . . . a
> certificate of appealability should issue only when the prisoner shows
> both "that jurists of reason would find it debatable whether the petition
> states a valid claim of the denial of a constitutional right *and* that jurists
> of reason would find it debatable whether the district court was correct in
> its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529

U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted based on the above discussion.

If the Court adopts this recommendation and denies a COA, Movant is advised that he

"may not appeal the denial but may seek a certificate from the court of appeals under

AO 72A
(Rev.8/82)

Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255

Proceedings for the United States District Courts.

## V.   <u>Conclusion</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, (Doc. 1775), to vacate, set

aside, or correct his federal sentence be **DENIED**, and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255

motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 20th day of March, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

10