IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RILEY GRAHAM also known as Riley Williams,<br><br>Defendant. | CRIMINAL FILE NO.<br>1:05-CR-269-9-TWT |

# ORDER

This is a criminal action. It is before the Court on the Defendant's Motion for Reduction of Sentence Under Amendment 821 [Doc. 1956]. Graham is serving 30 years in prison on two consecutive federal sentences. From about 1991 to 1998, Graham was the leader of an extensive Michigan-based drug organization. Members of Graham's organization would routinely transport cocaine and crack cocaine across the nation, from coast to coast. They shipped over 100 kilograms of cocaine from California to Detroit alone. The organization also concealed transfers of drug proceeds by using a variety of apparently legitimate businesses as fronts. In total, Graham laundered over $1,000,000 of drug proceeds. Finally, in November 2001, Graham attempted to kill someone who had provided information to law enforcement by firebombing his home. Fortunately, the victim was not seriously injured. Graham pleaded guilty to one count of continuing criminal enterprise and one count of conspiracy to commit money laundering. The U.S. District Court for the

Eastern District of Michigan sentenced him to 240 months' imprisonment. From 2000 to 2003, Graham participated in a large-scale mortgage fraud scheme in this District that resulted in losses of more than $30,000,000 to banks and mortgage companies. Graham recruited many straw borrowers who submitted fraudulent loan applications. This Court sentenced him to 120 months' imprisonment consecutive to any other term of imprisonment.

In this case, Defendant was not a zero-point offender. He had three criminal history points from a previous federal conviction. He did not receive status points. As a result, he is not eligible for relief under either provision of Amendment 821. Given that Defendant is ineligible for relief, the Court need not address whether the 18 U.S.C. § 3553(a) factors would support a reduced sentence and will instead deny the motion without further analysis. The Defendant's Motion for Reduction of Sentence Under Amendment 821 [Doc. 1956] is therefore DENIED.

SO ORDERED, this 29th day of October, 2025.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge